## SOUTHERN SURETY CO. v. OWENS BROS. et al. (No. 1890.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 21, 1918. Rehearing Denied Jan. 31, 1918.)

HIGHWAYS ⬤⟿113(5)—HIGHWAY CONSTRUCTION—ACTION BY CONTRACTOR ON SUBCONTRACTOR'S BOND.

Though the petition of O., contractor for highway construction, in action on bond of F., subcontractor, was insufficient to authorize judgment for the debts for labor and material which F. had failed to pay, it merely alleging their nonpayment and refusal of F. to pay, the liability of O. to the creditors of F. being under the contracts and bonds that of surety, the bond of F. being merely to indemnify O. against any loss or damage from failure of F. to perform his engagements or. to pay off the labor and material claims for which O. might be held liable under his contract and bond with the road officers, and no. cause of action arising in his favor till he had paid in whole or part some of those claims, yet both bonds being statutory obligations and inuring to the benefit of the creditors of F. under Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f et seq., and such creditors by their answers or cross-actions seeking judgment against O. on his bond, which they were granted, the pleadings as a whole were sufficient to support the judgment for O. against F.'s surety for what O. might be called on to pay of the balance due on the debts of F. for which O. was liable on his bond.

Appeal from District Court, Fannin County; Ben. H. Denton, Judge.

Action by Owens Bros. and others against the Southern Surety Company and others. From a judgment for plaintiffs, the named defendant appeals. Affirmed.

John T. Suggs, of Denison, for appellant. Cunningham & McMahon, of Bonham, for appellees.

HODGES, J. On December 28, 1914, Owens Bros. Construction Company, a partnership, entered into a written contract with the board of permanent road commissioners for road district No. 3 of Fannin county, by the terms of which Owens Bros. Construction Company agreed, for a stipulated consideration, to furnish the labor and material, and construct according to specifications certain public highways. This contract provided that Owens Bros. Construction Company should furnish a bond conditioned for the faithful performance of their contract and as an indemnity to any and all persons furnishing labor or material to them or any subcontractor in respect to such construction. The required bond was duly executed and delivered. In March, 1915, this company, by a subcontract, let a portion of their work to W. W. Fuller. Fuller's contract provided that for an agreed consideration he was to furnish all labor and material and construct a designated part of the highway undertaken by Owens Bros. Construction Company. Among other provisions that contract contained the following:

"Said contract being a part of Owens Bros. Construction Company contract with the present board of road commissioners, road district No. 3, Fannin county, Tex."

In accordance with the terms of his contract Fuller executed a bond in the sum of $5,000 with the Southwestern Surety Insurance Company as his surety. Some time later the Southern Surety Company, the appellant in this suit, was substituted for the Southwestern Surety Insurance Company, and assumed all of the obligations of the bond. Fuller completed the work undertaken by him, but failed to pay the claims of certain parties who had furnished him labor and material. In November, 1915, Owens Bros. Construction Company filed this suit against Fuller and the surety company, also as parties defendant the following holders of unpaid claims against Fuller: The Texas Portland Cement Company, Clem Gravel Company, F. M. German & Son, Robinson & Son, Robinson & Marshall, and the Steger Lumber Company. It was alleged, in substance, that the plaintiffs at the time of making the contract with Fuller as thereinafter alleged were under a contract with road district No. 3 to construct and complete all the work covered by their contract with Fuller, and to pay for all material furnished and labor done for them and for their subcontractors. The execution of the contract with Fuller was alleged, and its essential provisions set out. It was also averred that in the prosecution of his work Fuller became indebted to the following persons in the sums mentioned for labor performed and material furnished.

| | |
|---|---:|
| The Texas Portland Cement Company | $ 731 65 |
| Clem Gravel Company | 512 00 |
| F. M. German & Son | 7 75 |
| Robinson & Marshall | 358 37 |
| Steger Lumber Company | 125 68 |
| Total | $1,735 45 |

It was further alleged that plaintiffs retained, as provided for in their contract with Fuller, the sum of $822.97 due upon estimates made during the progress of the work, and $60 secured from other sources;

that after taking into consideration the money in their hands belonging to Fuller there was a balance still due upon the claims above mentioned, and that payment had been demanded of Fuller and refused. It was averred that the plaintiffs were responsible for that amount by virtue of their contract made with road district No. 3. The petition concluded with a prayer asking that the amount of the claims against Fuller be ascertained and fixed, and that plaintiffs have judgment against him and his surety, and for general relief.

Each of the above-named parties filed answers, in which they adopted portions of the petition of Owens Bros. Construction Company and set out their own claims, asking judgment for the respective amounts against Owens Bros. Construction Company and Fuller. An answer was filed by Fuller, but is immaterial, since no appeal has been prosecuted by him. The Surety Company, the appellant herein, answered by general and special exceptions and a general denial. After overruling exceptions the court rendered a judgment in favor of each of the claimants against Owens Bros. Construction Company and the members composing the partnership and Fuller for the amount found to be due for labor and material furnished. In one of the claims the court eliminated items which the evidence showed did not constitute either labor or material as contemplated by the statute and the bond executed by Owens Bros. Construction Company. He also directed in his judgment that the Owens Bros. Construction Company pay over the amount held in their hands belonging to Fuller upon the above claims, to be prorated according to the amount of each, and directing a recovery in favor of Owens Bros. Construction Company against the appellant for any sum they should pay on the balance that remained after deducting those payments. The Surety Company alone has appealed. Appellant's first contention is that the plaintiff's petition did not disclose a cause of action in their favor. It is urged that the terms of the bond made by Fuller did not authorize a suit by Owens Bros. Construction Company in behalf of Fuller's creditors, and that there were no averments that Owens Bros. Construction Company had paid any of those claims.

Under the terms of the contracts and bonds pleaded the liability of Owens Bros. Construction Company to the creditors of Fuller was, as between the parties, that of a surety. The bond sued on was to indemnify Owens Bros. Construction Company against any loss or damage resulting from the failure of Fuller to perform his engagements or to pay off the labor and material claims for which Owens Bros. Construction Company might be held liable under their contract with the board. No cause of action arose in favor

of Owens Bros. Construction Company on Fuller's bond until they had paid in whole or in part some of those claims. Both bonds were statutory obligations, and inured to the benefit of the creditors of Fuller. Vernon's Sayles' Statutes, art. 6394f et seq. While the averments of the plaintiffs' petition were probably insufficient to authorize a judgment in their favor for the debts which Fuller had failed to pay, other facts were stated which, taken in connection with the answers or cross-actions filed by the different claimants, were sufficient to form the basis of the relief which the court granted. In fact, it might be said that those claimants stood in the attitude of interveners, in which they sufficiently pleaded the indebtedness claimed and for which they secured judgment. Each might be treated as a plaintiff as to that judgment. While the court formally overruled the demurrers to the petition of the Owens Bros. Construction Company, he in effect disregarded in the judgment rendered that portion of the petition which was objectionable. The judgment directed that Owens Bros. Construction Company prorate the fund in their hands belonging to Fuller, and have judgment only for what they might be called upon to pay of the balance due upon the debts of Fuller for which they were liable upon their bond. Considered in their entirety, we think the pleadings were sufficient to support the judgment of the court.

There were complaints of the action of the court in allowing the claims in favor of the claimants heretofore mentioned, but the assignments present objections we think are untenable, and they are overruled.

The judgment will be affirmed.